UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER X. BRODEUR,

            Plaintiff,

-against-

THE CITY & STATE OF NY, et al.,

            Defendants.

1:19-CV-1532 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      By order and judgment dated May 31, 2019, and entered on June 3, 2019, the Court dismissed this *pro se* action without prejudice due to Plaintiff's failure to file an *in forma pauperis* application or pay the relevant fees to bring this action. (ECF 3 & 4.) On June 25, 2019, Plaintiff filed a "man's motion for 'rehearing'/redress/basic due process." (ECF 5.) The Court construes that submission as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure and for reconsideration under Local Civil Rule 6.3.

      For the reasons discussed below, the Court denies the motion.

## DISCUSSION

      The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009), *aff'd*, 721 F.3d 77 (2d Cir. 2013). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-

92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its May 31, 2019 order and judgment. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes Plaintiff's submission filed on June 25, 2019, as a motion seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and the Court denies that motion. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 4, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge